UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20 CR 306 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| BRYANT CAYSON, | ) | <u>MEMORANDUM OPINION</u> <u>AND ORDER</u> |
| Defendant. | ) | |

This matter is before the Court on Defendant, Bryant Cayson's Motion to Revoke Detention Order (ECF #81). The Government filed a response in opposition to Mr. Cayson's Motion (ECF #82).

## BACKGROUND

On June 11, 2020, Mr. Cayson was named in an indictment charging him with being a felon in possession of a firearm. He was arrested on June 24, 2020. On June 29, 2020 he was arraigned and ordered to remain in detention pending trial. On January 28, 2021, a superseding indictment was filed charging Mr. Cayson with possession of two firearms and possessing controlled substances with intent to distribute. On October 13, 2022, Mr. Cayson pleaded guilty to two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §

1

922(g)(1) and one count of possessing controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He remains in detention awaiting sentencing.

Mr. Cayson seeks release on bond or, in the alternative, to be released to electronically monitored home detention pending the final disposition of his case.

## APPLICABLE LAW

Title 18 U.S.C. § 3143(a)(1) provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained," if he is found guilty of a crime in which imprisonment is recommended under the applicable guidelines. The statute further provides that such a person may not be released "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." After conviction, the statute "presumes dangerousness, and the criminal defendant must overcome this presumption," by presenting "'clear and convincing evidence' that he does not 'pose a danger to the safety of any other person or the community.'" *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988) (quoting 18 U.S.C. § 3143(a)).

18 U.S.C. § 3143 does not require government to make an initial showing of dangerousness regarding a convicted defendant awaiting sentencing. *Id.* at 168-69. Rather, it presumes dangerousness, and the criminal defendant must overcome this presumption. *Id.*

## ANALYSIS

Here, Mr. Cayson pleaded guilty to crimes involving the possession of firearms and possession of drugs with the intent to distribute. The applicable guidelines recommend

2

imprisonment for these crimes. United States Sentencing Commission, Guidelines Manual (Nov. 2021). Therefore, under § 3143(a)(1), he "shall . . . be imprisoned," unless he can show by clear and convincing evidence that he is not likely to flee and does not pose a danger to the safety of any other person or the community. Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hinton*, 113 F. App'x 76, 78 (6th Cir. 2004) (citing *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989)); *See* S. Rep. 225, 98th Cong., 2nd Sess. 19-20 (1983), U.S. Code Cong. & Admin. News. reprinted in 1984, p. 3195-96 (noting that "[t]he committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. . . . The committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community."). The burden to rebut the presumption of dangerousness is on Mr. Cayson.

Mr. Cayson "vows to attend court as scheduled," and argues that his release would be less burdensome on the government's resources than continued detention. (ECF # 81). But Mr. Cayson has not submitted evidence to show that he is not likely to flee if released. His assertion that he would reside in a "supportive, structured family environment" is generalized, and does not give the court a convincing reason to believe he would not flee. (ECF #81).

Even if he had shown that he is not a flight risk, Mr. Cayson has not submitted any evidence that rebuts the presumption of dangerousness. Mr. Cayson has multiple prior convictions punishable by more than a year imprisonment. (ECF #24, PageID 56). His guilty plea of being a felon in possession of firearms demonstrates that even when prohibited from certain conduct he will not follow the law.

3

Mr. Cayson has failed to show by clear and convincing evidence that he is unlikely to flee if released. He has also failed to demonstrate by clear and convincing evidence that he does not present a serious risk to the community. Mr. Cayson's Motion to Revoke Detention Order (ECF #81) is, therefore, DENIED.

**IT IS SO ORDERED**

_Donald C. Nugent_
Donald C. Nugent
United States District Judge

DATED: November 2, 2022